```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EARL T. GREGOR, JR.              :        CIVIL ACTION
                                 :
          v.                     :
                                 :
PICKERING MANOR HOME             :        NO. 07-2268
```

MEMORANDUM

Bartle, C.J.                                              June 3, 2008

        Plaintiff Earl T. Gregor, Jr. ("Gregor") brings this employment discrimination action against his former employer, defendant Pickering Manor Home ("Pickering").  He filed his original complaint on June 5, 2007, includes claims for gender discrimination, sexual harassment and retaliation under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*.  Now Gregor seeks leave to file an amended complaint in order to add claims for gender discrimination, sexual harassment and retaliation under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. § 951, *et seq*.  Defendant opposes the motion.

        Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  A court abuses its discretion if it denies a request for an opportunity to amend without providing justification for its decision.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir.

1997).  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."  Burlington Coat, 114 F.3d at 1434 (citing Foman, 371 U.S. at 182).

We believe that in the instant matter plaintiff has delayed unduly in moving to amend his complaint.  Gregor was entitled to bring his PHRA claims in a court of law as early as January 16, 2008, when the Pennsylvania Human Relations Commission ("PHRC") dismissed his administrative action.  43 Pa. Stat. Ann. § 962; Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 920 (Pa. 1989).  Indeed, on January 21, 2008, Gregor sent a letter to counsel for Pickering expressing the intent to do so.  Rather than filing the motion at that time, however, Gregor waited until May 23, 2008, a week before the close of discovery.  Our initial Scheduling Order set March 31, 2008 as the end of the discovery period.  Twice at plaintiff's request we extended the discovery deadline, first to April 30, 2008, and then to May 30, 2008.  Presently, motions for summary judgment or other dispositive motions are due on or before June 16, 2008, and the case has been placed in the trial pool for September, 2008.  Gregor has provided no explanation for his tardiness in filing his motion for leave to amend.  To grant plaintiff's motion at this point in time would unduly delay the proceedings in this case.

Additionally, Gregor's delay in requesting to add a cause of action under the PHRA would cause prejudice to the

defendants were we to permit it.  Though Gregor is correct that his claims under the PHRA would be co-extensive with his Title VII claims, and would be subject to the same burden-shifting analysis, the remedies available under the two statutes differ greatly.  <u>Atkinson v. LaFayette College</u>, 460 F.3d 447, 454 n.6 (3d Cir. 2006); 43 Pa. Stat. Ann. § 962.  Pickering notes that its maximum liability under Gregor's original complaint is $100,000.  42 U.S.C. § 1981a(b)(3).  In contrast, the PHRA permits a prevailing plaintiff to recover uncapped compensatory damages as well as additional legal or equitable relief as the court deems appropriate.  43 Pa. Stat. Ann. § 962(c)(3).  Defendant contends that it would have conducted a significant amount of additional discovery had it known that it faced increased damage exposure under the PHRA.  We agree that defendant would be highly prejudiced at this late stage to permit Gregor to amend his complaint.

     Because of the late hour at which Gregor filed the motion and the prejudice to Pickering which would result from permitting Gregor to add claims under the PHRA, we will deny Gregor's pending motion for leave to amend his complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL T. GREGOR, JR. | : | CIVIL ACTION |
| v. | : | |
| PICKERING MANOR HOME | : | NO. 07-2268 |

## ORDER

AND NOW, this 3rd day of June, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff Earl T. Gregor, Jr. for leave to amend his complaint is DENIED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.